**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**CHRISTOPHER MICHAEL ANDERSON,**

    **Plaintiff,**

**vs.**                                               **Case No. 4:06cv4-SPM/WCS**

**JASON TYUS,**

    **Defendant.**

_____/


## THIRD REPORT AND RECOMMENDATION

This case has been proceeding for nearly three years (initiated on January 3, 2006). A second motion for summary judgment is pending. Doc. 91. Defendant Tyus filed the second summary judgment motion, doc. 91, on June 16, 2008, and the *pro se* Plaintiff was ordered to file his response by July 18, 2008. Doc. 92. Plaintiff filed a motion for extension of time on July 14th, stating that he needed more time for law library research and because he was also litigating his criminal appeal which presented him with additional deadlines. Doc. 93. Plaintiff's request for 60 more days was denied, but he was given until August 20, 2008, to respond. Doc. 94.

A week after his motion was granted in part, doc. 94, Plaintiff filed a motion seeking leave to amend his complaint. Doc. 95. Plaintiff simultaneously provided his

proposed third amended complaint with the motion, which has been filed as document 96.  Plaintiff notes that after discovery was concluded, Defendant Tyus sought leave of court to file a second motion for summary judgment.  Doc. 95, *see also* doc. 80 (motion for leave to file an answer and second motion for summary judgment, filed on March 18, 2008).  Defendant Tyus was permitted to do so and filed his motion in mid-June, raising Eleventh Amendment immunity as part of his defense.  Plaintiff states that he did not specify in his second amended complaint, doc. 16, whether Defendants were being sued in their official capacities, individual capacities, or both.  Doc. 95.  Plaintiff states in his motion to amend that he wants to correct that misunderstanding by filing an amended complaint to more clearly state that all Defendants are sued in their individual capacities only.  *Id.*, at 2.

      This amendment comes very late in the litigation of this case.  The current complaint has governed this case for two years.[1]  A motion for summary judgment is pending.  Defendants should not be required to submit another summary judgment motion simply because Plaintiff wishes to clarify that his complaint is brought against Defendants in their individual capacities.

      That, however, is not the only object of this motion to amend.  Plaintiff's proposed third amended complaint names Defendant McCoy as a Defendant in this case.  *See* doc. 96.  On December 28, 2006, the complaint was dismissed as to McCoy for failure to exhaust administrative remedies.  Doc. 39.  Secondly, Plaintiff seeks to add another Defendant, Captain Larry Shealy, as a Defendant in this case.  It is apparent that

---

[1] The document was filed on May 8, 2006, doc. 16, and service directed on June 7, 2006.  Doc. 18.

Plaintiff intended to substitute this person for the John Doe Defendant, but Plaintiff did not say so. Plaintiff has not explained how or *when* he learned the identity of the John Doe Defendant, and this case would certainly be delayed while pursuing service upon that individual.[2]

Pursuant to FED. R. CIV. P. 15(a), once a responsive pleading has been served, amendment of the complaint requires leave of court, absent written consent of the adverse party. It is true that "leave shall be freely given when justice so requires." However, denial of a motion to amend is appropriate when amendment is futile. Hall v. United Ins. Co. of Am., 367 F.3d 1255, 1262-1263 (11th Cir. 2004).

The policy of generously permitting amendments under Rule 15(a) primarily involves new theories of liability against existing Defendants. The decision of whether to allow a Plaintiff to join additional defendants is governed by a different standard. That decision is left to the discretion of the district court. Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992). The court found no abuse of discretion in denying a § 1983 pro se litigant's motion to add defendants that would only be liable under a *respondeat superior* theory. *Id.* However, the court did find an abuse of discretion in

---

[2] Indeed, service was never effected upon Defendant Childs. *See* docs. 28, 34, 38, and doc. 60, p. 2, n.1. My prior order, doc. 43, noted that if the summary judgment motion is granted in favor of Defendant Tyus, the case would be over as to all Defendants. Doc. 43, p. 2. If it were denied, the issue of serving the missing Defendant could again be considered. *Id.* Although the first summary judgment motion filed by Defendant Tyus was granted in part and denied in part, *see* docs. 60 and 62, Plaintiff never requested any further assistance concerning service on the missing Defendant, Childs, or the unknown Defendant, John Doe. I entered an order on October 3, 2007, which brought to Plaintiff's attention that the case was proceeding with only "one active Defendant" and gave the parties an opportunity to conduct further discovery. Doc. 63. In the nine months since that order was entered, Plaintiff has not raised the issue of attempting to bring in the missing Defendants.

denying the plaintiff's motion to add a John Doe defendant.  *Id.*, at 1215.  The abuse in that case was that the plaintiff had not yet received all discovery, nor had he received the Sheriff's "special report" which would have enabled the plaintiff to name an individual as the defendant.  *Id.*  The Eleventh Circuit concluded that the plaintiff "should have been allowed to add 'Chief Deputy of the Jefferson County Jail John Doe' as a defendant."  *Id.*  That decision was based, at least in part, on the notion that "discovery would uncover Defendant's identity" and that the plaintiff had not yet had sufficient time to discover the fictitious party's identity.

In the case at bar, that is not the issue.  Plaintiff was given time to engage in discovery.  Discovery in this case ended several months ago.[3]  Doc. 79.  Plaintiff has had sufficient time to provide the name of this Defendant and seek service of process upon him.  Even now, Plaintiff has not clearly said that he wishes to add this Defendant as the John Doe Defendant.

Further, amendment would be futile.  Plaintiff's claims against John Doe, now presumably named as Defendant Larry Shealy, are intertwined with the claims Plaintiff brought against Defendant McCoy.  That Defendant was dismissed from this case because Plaintiff failed to properly exhaust his administrative remedies.  Docs. 36, 39.  The claims for the John Doe Defendant concern the same factual allegations that were in the claims brought against Defendant McCoy.  It cannot be found on one hand that the claims against the John Doe Defendant should proceed when, on the other hand, those same claims as brought against Defendant McCoy were dismissed.  Either claims

---

[3] Discovery was extended from the previous deadline of December 4, 2007, *see doc.* 74, into early 2008.  Docs. 75, 76.

Case 4:06cv04-SPM/WCS

arising from that incident were exhausted or they were not.   Plaintiff did not exhaust administrative remedies as to those claims, and he is bound by that result.   Thus, amendment to bring in this claim is futile and must be denied.

Plaintiff's motion to amend should be denied, although Defendant Tyus is now hereby advised that Plaintiff is seeking relief against Defendant only in his individual capacity as clarified in the motion to amend.  Furthermore, the claims from the second amended complaint which were brought against the John Doe Defendant should be dismissed.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion to amend, doc. 95, be **DENIED** as amendment is futile in light of the allegations against the John Doe Defendant, and that the claims against the John Doe Defendant be **DISMISSED** for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997(e) and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the case be **REMANDED** for further proceedings on the pending summary judgment motion.

**IN CHAMBERS** at Tallahassee, Florida, on August 5, 2008.


                                         **s/    William C. Sherrill, Jr.**
                                         **WILLIAM C. SHERRILL, JR.**
                                         **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**